UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ROBERT GRUNDSTEIN,
              Plaintiff,
   v.
LINDA EIDE,
              Defendant.
_____

Case No. C11-0692RSL

ORDER OF DISMISSAL

This matter comes before the Court on defendant's "Motion for Dismissal Pursuant to Rule 12(b)." Dkt. # 19.[1] On June 20, 2011, plaintiff filed his "First Amended Complaint" in an attempt to overcome certain Eleventh Amendment and pleading defects. Dkt. # 18. For purposes of this motion, the Court assumes that plaintiff has standing to challenge the constitutionality of Washington's disciplinary procedures, that his claims are properly asserted against Linda Eide, the sole defendant in this matter, and that plaintiff has adequately pled a federal cause of action. The Court has also overlooked plaintiff's repeated violations of the local formatting requirements.

Nevertheless, dismissal is required under <u>Younger v. Harris</u>, 401 U.S. 37, 40-41 (1971). Absent "extraordinary circumstances," federal courts must abstain from enjoining

---

[1] Having reviewed the memoranda submitted by the parties, the Court finds that this matter may be decided on the papers. Plaintiff's request for oral argument is DENIED.

ORDER OF DISMISSAL

pending state judicial proceedings if the proceedings implicate important state interests and afford plaintiff an adequate opportunity to litigate his federal claims. Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The Court alerted plaintiff to Younger and the need to allege facts (as opposed to conclusory assertions) giving rise to a plausible inference that this case presents the sort of "extraordinary circumstances" that would overcome this Court's reluctance to interfere with pending state judicial proceedings. See Dkt. # 12 and Dkt. # 17. Not surprisingly, defendant moved for dismissal on Younger abstention grounds, discussing its applicability to this case in both her motion and in reply. See Dkt. # 19 and # 21. Plaintiff inexplicably failed to address Younger: he does not dispute that the requirements for abstention are met or attempt to show that extraordinary circumstances exist. The only allegations in the First Amended Complaint that could possibly establish the incompetency of the tribunal (*i.e.*, those related to bias) are too speculative, conclusory, and legally insufficient to overcome the presumption of honesty and integrity to which those serving as adjudicators are entitled. See Hirsh v. Justices of S. Ct. of State of Cal., 67 F.3d 708, 713-14 (9th Cir. 1995).

For all of the foregoing reasons, the Court abstains from hearing plaintiff's claims, and defendant's motion to dismiss is GRANTED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 17th day of August, 2011.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL -2-